UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE EX PARTE APPLICATION OF UNION DES ASSOCIATIONS EUROPEENNES DE FOOTBALL<br><br>FOR AN ORDER SEEKING DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | : | 26-MC-00436 (JAV)<br><br>ORDER |

JEANNETTE A. VARGAS, United States District Judge:

On August 28, 2026, Union des Associations Européennes de Football ("UEFA") initiated this action, seeking an *ex parte* order authorizing discovery for use in a foreign proceeding from J.P. Morgan Securities LLC, JPMorgan Chase Bank, N.A., Mary Callahan Erdoes and Eric Menell (together, "the JPMorgan parties"). ECF. No. 1. On September 10, 2026, the JPMorgan parties filed a letter (ECF No.17) ("JPM Ltr.") requesting that the Court defer ruling on UEFA's application pending resolution of what the JPMorgan parties call a "substantially similar application in the Southern District of Florida." JPM Ltr. at 1. On September 15, 2026, UEFA filed a letter opposing that request ("UEFA Ltr."). For the reasons stated below, the Court **DENIES** the JPMorgan parties' request for a stay.

"A decision to stay proceedings is one that rests firmly within a district court's discretion." *Doe v. Alexander*, 25-CV-01631 (JAV), 2025 WL 1384786 at *1 (S.D.N.Y. Apr. 20, 2025). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "It is the movant who bears the burden of establishing the need for a stay." *Poppel v. Rockefeller Univ. Hosp.*, No. 19-CV-1403 (ALC), 2019 WL 3334476, at *2 (S.D.N.Y. July 25, 2019).

The JPMorgan parties contend that a stay of UEFA's application in this case would "advance judicial economy and reduce burdens on, and avoid inconsistent treatment of, parties against whom discovery is sought." JPM Ltr. at 2. In furtherance of their judicial economy point, they submit that deferral would permit "identical . . . questions [to] be decided in an orderly fashion," *id.*, thus permitting this Court "to avoid potentially inconsistent rulings," *id.* However, this Court will have to rule on FIFA's application, applying the law of this Circuit, whatever decision the court hearing the Florida application reaches. A stay would therefore not advance judicial economy. As to burdens on, and the risk of inconsistent treatment of, the "parties against whom discovery is sought," JPM Ltr. at 2, the discovery targets of the Florida application are U.S. subsidiaries of FIFA. They are different parties to the discovery targets in this application. Since neither of the alleged benefits of a stay survive scrutiny, the JPMorgan parties have failed to meet their burden of establishing the need for a stay.

**CONCLUSION**

The JPMorgan parties' request for a stay is **DENIED**.

SO ORDERED.

Dated: September 21, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge